# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

## SENTENCING MINUTES

| | |
|---|---|
| HON. **Rudolph T. Randa**, presiding. | Deputy Clerk: **Linda M. Zik** |
| DATE: **March 17, 2010   2:00 p.m.** | Court Reporter: **Heidi Trapp** |
| CASE NO. **05-Cr-240** | Time Called: 2:08 pm. |
| UNITED STATES of AMERICA v. **Alberto Andrew Vallejo** | |
| | Time Concluded: 3:00 pm. |
| UNITED STATES by: **Mario F. Gonzales** | |
| PROBATION OFFICER: **Jerald H. Husz** | |
| DEFENDANT: **Alberto Andrew Vallejo**, in person, and by | |
| ATTORNEY: **Edward J. Hunt** | |

Custody Bureau of Prisons     230     months on Count(s)     1

Credit for time served.

Count 2 is dismissed on Government's motion.


Recommended Institution:    500-hour drug treatment program


Supervised Release     5     years on Count(s)     1

Special Conditions

| | | | |
|---|---|---|---|
| ___ | Community Correctional Center for ___ | ___ | Fine/Restitution $ mo. |
| X | Report in 72 hours | X | Financial disclosure |
| X | No firearms | ___ | No new credit charges |
| X | Drug & alcohol testing - no alcohol | ___ | Community service ___ hrs. |
| X | Not illegally possess any controlled substance | ___ | Cooperate with IRS |
| X | Cooperate with Child Support Enforcement | ___ | Cooperate with INS |
| X | Provide DNA | X | No Gang Association (Latin King) |

Sentencing Minutes Continued

Defendant: **Alberto Andrew Vallejo**
Case No.: **05-Cr-240**

Fine: **$**

  X   Fine and costs waived

                                             X   Participate in BOP Inmate Financial
                                                    Responsibility Program

Restitution:

Payee:

Forfeiture:

  X   Defendant remanded to custody of U.S. Marshal

  ___   Execution of sentence stayed until _____

  ___   Voluntary surrender to institution

  X   Defendant advised of right to appeal by court

  ___   Court orders copy of transcript to accompany presentence report

Special Assessment:

       $100.00

Other:

Court has the PSR, the defendant's objections, the addendum to the PSR, letters in support of the defendant, defendant's certificates of achievements, and the government's motion.

No additional objections by the parties to the factual statements in the PSR.

Sentencing Minutes Continued

Defendant: **Alberto Andrew Vallejo**
Case No.: **05-Cr-240**


Defense notes there is no further argument by defense as to the objection because the defense and the government are on the same page  The defendant's criminal history should be CHC = 1 (not III), OL = 40, 292-365 months. Government concurs.

Government recommends a 1-level downward departure. Defendant provided early information about shootings and other criminal activities. He also testified at the co-defendants' trial which put him and his family at risk. He is not the same young man he was when the case first started. He has the right frame of mind to turn his life around.

Defense states defendant has made sincere efforts into turning his life into something hopeful. He has availed himself of every program available while in jail. He is, in large measure, responsible for breaking the Latin King organization. Why did he do it - he wanted to atone for every act he committed. He was so young. At about age 12-13 he started taking drugs and alcohol. He was 15 when he killed someone. He has pro-social characteristics that show he will change. Depart further than what the government recommends.

Defendant's right of elocution.

Court grants the government's Rule 35(b) motion.
Court addresses 18 U.S.C. § 3553:
(1) Nature of offense: organized criminal activity is more effective and more dangerous to the community; defendant's involvement with the Latin Kings was significant; defendant was involved in shootings and the murder of an individual;
(2) History of defendant: criminal history is extensive; has 2 children and owes child support; had early drug use - smoking marijuana; no employment; admits he knew right from wrong and it was his choice to enter the gang; did cooperate; has the right motives to change; since the indictment has achieved many certificates; has stopped using marijuana since his arrest;
(3) Court gives the defendant the benefit of the doubt based on the government and defense comments, and defendant's cooperation. Court grants the defense request for a 2-level departure. Court puts its confidence in him.